

**FILED**

**AUG 0 3 2005**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL,

   Plaintiff,        Civil Action No. 05-71390-DT

v.              HONORABLE LAWRENCE P. ZATKOFF
              UNITED STATES DISTRICT COURT

JANE DOE,

   Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

On or about March 12, 2005, plaintiff, Perry O. Mackall, a state prisoner currently confined at the Deerfield Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 with the United States District Court for the Western District of Michigan. On April 5, 2005, the Western District of Michigan transferred plaintiff's complaint to the United States District Court for the Eastern District of Michigan. Plaintiff's complaint seeks monetary damages and declaratory and injunctive relief against the defendant, whom he has only identified as "Jane Doe."

On May 2, 2005, Magistrate Judge R. Steven Whalen issued an order giving plaintiff sixty days to provide the name or identity of the "Jane Doe" defendant so that service could be effected on this defendant. The order also indicated that the complaint would be dismissed without prejudice if plaintiff failed to provide this information to the Court within sixty days of the order. To date, plaintiff has failed to name or identify the "Jane Doe" defendant which he has named in his complaint. For the reasons stated below, the complaint is dismissed without prejudice.

## I. DISCUSSION

An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him a summons and copy of the complaint. *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *See Williams v. McLemore,* 10 Fed. Appx. 241, 243 (6th Cir. 2001); *See also Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

In the present case, because the "Jane Doe" defendant has never been identified by plaintiff or served with process, plaintiff's civil rights action shall be dismissed without prejudice against this defendant. *See Awdish v. Pappas,* 159 F. Supp. 2d 672, 673, n. 1 (E.D. Mich. 2001); *Johnson v. City of Ecorse,* 137 F.Supp.2d 886, 892 (E.D.Mich. 2001); *Taylor v. Foltz,* 803 F. Supp. 1261, 1267 (E.D. Mich. 1992).

## II. ORDER

Based upon the foregoing, plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

_____
HON. LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: **AUG 0 3 2005**